# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SURAN WIJE, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-571 |
| | § | (Judge Mazzant/Judge Nowak) |
| TEXAS WOMAN'S UNIVERSITY, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On May 4, 2016, the report of the Magistrate Judge (Dkt. #108) was entered containing proposed findings of fact and recommendations that Plaintiff's Motion to Appeal In Forma Pauperis (Dkt. #107) be denied. Having received the report of the Magistrate Judge (Dkt. #108), having considered Plaintiff's timely filed objections (Dkt. #109), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct.

## BACKGROUND

On September 4, 2014, Plaintiff filed this civil action against Defendants Texas Woman's University ("TWU"), Ann Stuart, Robert Neely, Ann Staton, Jennifer Martin, Daniel Miller, Barbara Presnall, AnaLouise Keating, Linda Rubin, Stephen Souris, Claire Sahlin, Christian Hart, and Danielle Phillips' (collectively, the "TWU Defendants") (Dkt. #1). The Magistrate Judge entered a report and recommendation on February 5, 2016, recommending dismissal of each of Plaintiff's claims against the TWU Defendants (Dkt. #100). On March 24, 2016, the undersigned adopted the report of the Magistrate Judge and dismissed Plaintiff's case with prejudice (Dkt. #105). On April 4, 2016, Plaintiff filed a Notice of Appeal (Dkt. #106). Also on

1

April 4, 2016, Plaintiff filed a Motion to Appeal In Forma Pauperis (Dkt. #107). The Fifth Circuit has opened an appellate case number for Plaintiff's suit, USCA number 16-40495. On May 4, 2016, the Magistrate Judge recommended that Plaintiff's Motion to Appeal In Forma Pauperis be denied because Plaintiff failed to demonstrate that his requested appeal raises non-frivolous issues (Dkt. #108). On May 18, 2016, Plaintiff timely filed objections to the Magistrate Judge's report (Dkt. #109).

**PLAINTIFF'S OBJECTIONS**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc); *Chase Bank USA, N.A. v. McLain*, No. 1:12-CV-353, 2013 WL 713404, at *1 (E.D. Tex. Feb. 26, 2012).

Plaintiff's objections state that "because the *pro se* standardized form for filing *in forma pauperis* motions did not mention a detailed and specific methodology ... the concern expressed in the Report and Recommendation ... is more accurately one of incomplete instruction than of being 'frivolous'" (Dkt. #109 at 1). Plaintiff then proceeds to state three "violations of constitutional or civil rights" he contends merit "redress" by the Fifth Circuit on appeal in this case. *Id*. Specifically, Plaintiff lists the following three issues for appeal:

1. **<u>ANY ESCAPE FROM DEBT PEONAGE?</u>** Because student loan debt cannot be discharged through bankruptcy, what recourse do American families have when faced with circumstances similar to Plaintiff; that is, a frightening and punitive precedent where universities allow a student on *federal financial aid* to take all their graded credit hours for a degree and eagerly bill that student tens of thousands in tuition and fees but then deny the student that degree despite the student having fulfilled the degree's total credit hour mandates.

2. **<u>CHEATING PLUS INDIFFERENCE DENIED EQUAL ACCESS AND DUE PROCESS:</u>** In his affidavit (Document 101-1) and his objections (Document 101), Plaintiff asked the Court, "how can we make the lives of women better if publicly financed universities continue to refuse equal access or training to men on topics in gender and women's studies?" (Doc. 101 at Item 9).

3. **<u>AN EVER-INCREASING EDUCATIONAL AND EMPLOYMENT ANTI-AMERICAN CASTE SYSTEM:</u>** A caste system utilizes the *public's tax dollars* to segregate Americans into educational and employment groups or *outcomes* based primarily on heredity rather than merit or achievement. As documented on CrimesAgainstTaxpayers.com, the EEOC.gov is currently conducting a separate investigation on employment aspects; however, Table 1 under "Public Employment" would look *very similar* after switching from Information Technology (IT) employment to gender and women's studies employment, because the most senior-level professors in the Department of Women's Studies with the highest paid salaries at Defendant TWU.edu , which is our nation's largest publicly financed women's university, also lack the minimal requirement of a Master's or Ph.D. in gender and women's studies. Such fractals are two sides of the same coin, harming U.S. *public sector* national competitiveness within our increasingly globalized economy.

*Id*. at 1-2 (emphasis in original).

The Court has undertaken a de novo review of the report and recommendation and the Court concludes that the Magistrate Judge's findings and conclusions are correct. *See Douglass,* 79 F.3d at 1429 (noting that a district court may alternatively find the magistrate judge's findings and conclusions were correct even though a party did not properly object to the report and recommendation). The Magistrate Judge found that Plaintiff has failed to demonstrate that his requested appeal raises non-frivolous issues; and, thus, Plaintiff's motion to proceed *in forma pauperis* on appeal should be denied (Dkt. #108). The Court agrees.

An *in forma pauperis* motion must state "the nature of the action, defense or appeal and affiant's belief that he is entitled to redress." 28 U.S.C. § 1915(a); *see also* Fed. R. Civ. P. 24(a)(1). Title 28 U.S.C. § 1915(a)(3) further states that the district court may deny leave to proceed *in forma pauperis* if an appeal is not taken in "good faith" (i.e., if the appeal fails to present a non-frivolous issue). *Cay v. Estelle*, 789 F.2d 318, 326 (5th Cir. 1986). An appeal is taken in good faith if it presents an arguable issue on the merits or factual basis for the claim and therefore is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983) ("The inquiry is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous).") (internal quotation marks omitted). If the district court cannot discern the existence of any non-frivolous issue on appeal, then an appeal is not taken in "good faith" and the movant's petition to appeal *in forma pauperis* must be denied. *Howard*, 707 F.2d at 220 (citation omitted). While the district court should consider any pleadings and motions of a *pro se* litigant under less stringent standards than those applicable to licensed attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even *pro se* litigants must brief arguments in order to preserve them. *Yohey v. Collins,* 985 F.2d 222-224-25 (5th Cir. 1993).

Plaintiff has failed to demonstrate that his requested appeal raises non-frivolous issues because Plaintiff fails to raise any issues which could be redressed by a favorable decision by this Court or any appellate court. Indeed, Plaintiff's purported constitutional/civil rights violations, much like his underlying Complaint, provide no basis for liability against the TWU Defendants. Rather Plaintiff's objections relate to academic and abstract issues such as "debt peonage," "equal access or training to men on topics in gender and women's studies," and an "anti-American caste system." Plaintiff's objections – as articulated – have no impact on the

application of the legal doctrines upon which dismissal of Plaintiff's claims are based. Because the Court cannot discern, and/or Plaintiff has not identified, any non-frivolous issues for appeal (*see* Dkt. #109), the Court finds that Plaintiff's appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

## CONCLUSION

Having received the report of the United States Magistrate Judge (Dkt. #108), having considered each of Plaintiff's timely filed objections (Dkt. #109), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #108) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Plaintiff's Motion to Appeal In Forma Pauperis (Dkt. #107) is **DENIED**.

**SIGNED this 13th day of July, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE